IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFREY D. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-CV-392-MTS |
| | ) |
| CITY OF SAPULPA, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is Defendants City of Sapulpa and Sapulpa Police Department's Rule 41(b) Motion for Dismissal on the Merits and Brief in Support. (Docket No. 28). After considering the briefing on the motion, relevant case law, and arguments by counsel at the hearing, the Court hereby **GRANTS** Defendants' Rule 41(b) Motion for Dismissal on the Merits and Brief in Support.

## Background and Procedural History

Plaintiff Jeffrey D. Jones ("Plaintiff"), a practicing attorney proceeding *pro se*, originally filed suit against Defendants City of Sapulpa, Sapulpa Police Department, and unidentified police officers Jane Doe and John Doe, on August 27, 2024. (Docket No. 1). Plaintiff alleged that Defendants violated his Fourth Amendment rights, as applied through 42 U.S.C. § 1983, by subjecting him to unlawful seizure, excessive detention, malicious prosecution, and civil conspiracy. *Id.* at 6–10. On September 4, 2024, Plaintiff filed a motion requesting the Court permit expedited discovery to allow him to obtain the names of Defendants Jane Doe and John Doe. (Docket No. 5). The Court granted in part and denied in part Plaintiff's motion, allowing him additional time to ascertain the identities of the relevant police officers. (Docket No. 7). After learning Defendant Jane Doe's identity, Plaintiff sought and received leave to file his Amended

Complaint, in which he asserts claims of unlawful seizure, excessive detention, malicious prosecution, false arrest, and civil conspiracy against Defendants City of Sapulpa, Sapulpa Police Department, and Sapulpa Police Officer Cady Byrnes, in both her individual and official capacities. (Docket No. 17).

On December 18, 2024, Defendants City of Sapulpa and Sapulpa Police Department (hereinafter, "Defendants") filed a Motion to Dismiss and Brief in Support. (Docket No. 21). Pursuant to Local Civil Rule 7, Plaintiff's response deadline to the motion was January 8, 2025. *See* LCvR 7-1(e). Because Plaintiff failed to file a timely response, the Court issued an Order to Show Cause on January 14, 2025, stating "Plaintiff shall show cause why he has failed to file a timely response to the Motion to Dismiss no later than **Friday, January 24, 2025**. If Plaintiff fails to do so, his claims may be subject to dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)." (Docket No. 22 at 1) (emphasis original). That same day, Defendant Byrnes filed her Motion to Dismiss and Brief in Support. (Docket No. 23). Then, without seeking or obtaining leave of court, Plaintiff filed a combined response addressing both motions to dismiss on February 4, 2025. (Docket No. 27). Plaintiff did not file a response to the Court's Order to Show Cause.

On February 5, 2025, Defendants filed the instant Motion, requesting that the Court dismiss the action against them pursuant to Federal Rule of Civil Procedure 41(b) and that the Court award them reasonable expenses, including attorney fees. (Docket No. 28). The Court then set all three motions to dismiss for hearing on April 3, 2025. (Docket Nos. 30, 31). Because Plaintiff failed to file a timely response to the Rule 41(b) Motion, the Court advised Plaintiff via minute order that, at the forthcoming hearing, he "should be prepared to show good cause to the Court why he failed to respond . . . [and,] [i]f Plaintiff fails to do so, his claims may be subject to dismissal." (Docket No. 32).

2

The Court held a hearing on the motions to dismiss on April 3, 2025. (Docket No. 33). Plaintiff and Defendants' counsel appeared. As such, the instant matter is ripe for consideration.

## Legal Standard

Federal Rule of Civil Procedure 41(b) provides: "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." It is within a court's discretion to sanction a party for failing to prosecute a case or for failing to comply with the federal procedural rules or a court's local rules and orders. *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).

Because a dismissal with prejudice is considered a harsh sanction, the Court must consider certain factors, including "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations and quotations omitted). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007), quoting *Ehrenhaus*, 965 F.2d at 921.

## Discussion

The Court is cognizant that dismissal of Plaintiff's claims against Defendants City of Sapulpa and the Sapulpa Police Department is a strong sanction to impose. However, consideration of the *Ehrenhaus* factors supports their dismissal under Rule 41(b).

3

1. **Degree of Actual Prejudice to Defendants**

Plaintiff's actions in this case have prejudiced Defendants. Plaintiff's failure to respond to Defendants' motions to dismiss has not only impeded the judicial process overall but required unnecessary expenditure of Defendants' time and financial resources in defending this action. Plaintiff has prejudiced Defendants' ability to defend the action by failing to actively pursue his own case or engage in timely litigation practice, as demonstrated by his lack of response to the instant Motion. Moreover, the Rule 41(b) Motion would likely not have been necessary had Plaintiff responded to Defendants' initial motion to dismiss. Accordingly, the Court finds the first *Ehrenhaus* factor weighs in favor of dismissal with prejudice.

2. **Interference with the Judicial Process**

Defendants argue Plaintiff's failure to follow the Court's local rules and orders demonstrates "a complete disregard for process and the Court's authority" and clearly interfered with the judicial process. (Docket No. 28 at 3). The Court agrees. Plaintiff failed to comply with local rules and court orders on several occasions. He violated LCvR 7-1(e) when he failed to file a timely response to Defendants' Motion to Dismiss. (Docket No. 21). His failure to respond resulted in the issuance of an Order to Show Cause (Docket No. 22), which Plaintiff completely ignored. However, in responding to Defendant Byrnes' Motion to Dismiss (Docket No. 23), and without seeking leave of Court to do so, Plaintiff then filed a combined response to Defendant Brynes' Motion and Defendants' Motion to Dismiss. (Docket No. 27). Moreover, Plaintiff's response failed to address several of the arguments raised by both the motions to dismiss. *Id.* Further, Plaintiff again violated LCvR 7-1(e) when he failed to file a response to Defendants' Rule 41(b) Motion. (Docket No. 28). The Court referenced this failure in a minute order entered on

March 4, 2025, which alerted Plaintiff that he had failed to respond, yet he did not seek leave to file a response prior to the April 3, 2025, hearing.

Accordingly, the Court finds the second *Ehrenhaus* factor weighs in favor of dismissal with prejudice of Plaintiff's claims against Defendants. Plaintiff's failure to respond, follow court orders, and communicate with the Court on more than one occasion demonstrates a pattern of conduct that has repeatedly impeded the judicial process.

3. **Plaintiff's Culpability**

Regarding the culpability factor, Plaintiff attempted to provide an explanation at the hearing for violating the Court's local rules and for failing to follow the Court's orders. According to Plaintiff, an agreement was reached with Defendants' counsel that he would not respond to Defendants' Motion to Dismiss.[1] Plaintiff thought that if he did not respond, the Court would grant the motion and dismiss the parties.[2] He was aware of the Court's Order to Show Cause, but did not respond, again relying on the alleged agreement with Defendants' counsel. Plaintiff offered that he thought the agreement excused him from responding to the Court's show cause order. When questioned by the Court about how this explanation was consistent with his filing of the combined response to Defendants' Motion to Dismiss and Defendant Byrnes' Motion to Dismiss, Plaintiff indicated that the response he filed on February 4, 2025, was only as to Defendant Byrnes'

---

[1] At the hearing, Defendants' counsel responded that there was no such agreement. He explained that the meet and confer with Plaintiff in December 2024 was about service of Defendant Byrnes and her interrogatory response.

[2] Plaintiff also provided that he did not respond to Defendants' Motion to Dismiss, but he responded to Defendant Byrnes' Motion to Dismiss since he brought claims against her in her individual and official capacities.

Motion.[3]  He again relied on the alleged agreement with Defendants' counsel when questioned about why he failed to respond to Defendants' Rule 41(b) Motion.

Although Plaintiff now admits failing to respond to the motions to dismiss and the Court's orders was a mistake, he has provided no acceptable explanation for why he repeatedly failed to respond.  Even if an agreement existed with Defendants' counsel, it is clear from the record that the Court was unaware of any such agreement, and it expected a response from Plaintiff explaining his failure to respond.  Despite proceeding *pro se* in this matter, Plaintiff is also an attorney admitted to practice in the United States District Court for the Northern District of Oklahoma.  Thus, he is not entitled to any allowances for deficiencies to which a typical *pro se* party may be entitled.  Accordingly, the Court finds Plaintiff willfully violated the Court's rules and orders, tipping this factor in favor of dismissal with prejudice.

**4. Warnings to Plaintiff**

The Court first warned Plaintiff of the possibility that his claims against Defendants could be dismissed on January 14, 2025, when the Court entered an Order to Show Cause regarding Plaintiff's failure to file a return of service for Defendant Byrnes and to file a response to Defendants' Motion to Dismiss.  (Docket No. 22).  Plaintiff was ordered to show cause for his failure to respond to the Motion to Dismiss by January 24, 2025.  That date came and went without any response from Plaintiff.  Then on February 5, 2025, Defendants filed the Rule 41(b) Motion.  Again, Plaintiff failed to respond.  After setting the pending motions for hearing on April 3, 2025

---

[3] A review of the response filed by Plaintiff on February 4, 2025, shows that this explanation is untenable.  (*See* Docket No. 27 at 1) (the response is entitled "Plaintiff's Response in Opposition and Brief in Support to Defendants' *Motions* to Dismiss); *id.* (first sentence states: "Plaintiff opposes the Defendants' *motions* to dismiss because Plaintiff has alleged viable claims against *each defendant*."); *id.* at 2 (Plaintiff addresses whether the Sapulpa Police Department is an appropriate party to the suit); *id.* at 4 ("For the reasons stated herein, Plaintiff respectfully requests that the Court **DENY** Defendants' *motions* to dismiss.") (emphasis added).

(Docket No. 31), the Court entered a minute order on March 4, 2025, acknowledging Plaintiff's failure to respond to the Rule 41(b) Motion, and advising Plaintiff that he "should be prepared to show good cause to the Court why he failed to respond to Defendants' Rule 41(b) Motion for Dismissal on the Merits and Brief in Support" at the hearing. (Docket No. 32). The Court again warned Plaintiff that his failure to do so could result in dismissal of his claims against Defendants. *Id.* Plaintiff did not respond to the Court's minute order prior to the hearing. Thus, the Court finds Plaintiff was adequately warned his claims against Defendants could be dismissed, and this factor weighs in favor of dismissal with prejudice.

 5. **Efficacy of Lesser Sanctions**

To reiterate, Plaintiff is a licensed attorney admitted to practice in this Court. He repeatedly ignored the Court's orders warning him that failure to comply with the Local Civil Rules may result in dismissal. (*See* Docket Nos. 22, 32). Furthermore, despite the Order to Show Cause directing him to explain his failure to respond to Defendants' Motion to Dismiss, Plaintiff filed a combined response without seeking leave of court. Thus, given Plaintiff's blatant disregard for the Court's rules and authority, the Court finds this factor also weighs in favor of dismissal with prejudice.

## Conclusion

For the reasons discussed herein, Defendants City of Sapulpa and Sapulpa Police Department's Rule 41(b) Motion for Dismissal on the Merits and Brief in Support (Docket No. 28) is hereby **GRANTED**. Therefore, the claims against Defendants City of Sapulpa and Sapulpa Police Department are **DISMISSED**. Additionally, the Court declines to award reasonable expenses or attorney fees in this matter. Furthermore, because the aforementioned Defendants are

hereby dismissed, Defendants City of Sapulpa and Sapulpa Police Department's Motion to Dismiss and Brief in Support is considered **MOOT**.  (Docket No. 21).

    IT IS SO ORDERED this 9th day of April, 2025.

_____
MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT